## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| RUTH ANN EDWARDS, | ) | CASE NO. 23-08190 |
| | ) | |
| DEBTOR. | ) | HON. DAVID D. CLEARY |
| | ) | |
| PATRICK S. LAYNG, | ) | ADVERSARY NO. |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RUTH ANN EDWARDS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**COMPLAINT FOR DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3), (4) & (5)**

NOW COMES Patrick S. Layng, United States Trustee for Region 11, by his attorney, Kimberly Bacher, and for his Complaint for Denial of Discharge Under 11 U.S.C. § 727(a)(3), (4) and (5) (the "**Complaint**"), respectfully states the following:

**PRELIMINARY STATEMENT**

Ruth Ann Edwards (the "**Defendant**") does not deserve a bankruptcy discharge. During the COVID-19 pandemic, the Defendant applied for and received two separate Paycheck Protection Program ("**PPP**") loans totaling $41,666 in the aggregate in connection with her business involving ""[w]omen's, [c]hildren's, and [i]nfants' [c]lothing and [a]ccessories." She was either not entitled to the loans because the business did not exist at that time, or if she were entitled to the loans, is concealing her business interests in her bankruptcy filings. In this case, the Defendant did not disclose the income she received from the PPP loans or the business she claimed to have when she received the loans in her bankruptcy papers. The Defendant also failed

to list her interest in real property and a vehicle on Schedule A/B. The United States Trustee asserts that the Defendant's sworn declarations and testimony were false and were made knowingly, fraudulently and/or with reckless indifference to the truth and her discharge should be denied.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

3. Plaintiff, Patrick S. Layng, is the duly appointed United States Trustee for Region 11 under 28 U.S.C. § 581(a)(11) (the "**U.S. Trustee**"). The U.S. Trustee maintains his principal place of business at 219 S. Dearborn St., Room 873, Chicago, Illinois, within this district.

4. The Defendant resides at 7622 S. Seeley Ave., Chicago, Illinois, within this district.

5. Ariane Holtschlag (the "**Trustee**") is the Chapter 7 trustee assigned to this case.

6. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the duty to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101, *et. seq.*

7. Pursuant to 11 U.S.C. §§ 307 and 727(c)(1), the U.S. Trustee has standing to bring this Complaint.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

9. The U.S. Trustee consents to the entry of final orders or judgments by the Bankruptcy Court.

10. The last day for the U.S. Trustee to object to the Defendant's discharge is September 25, 2023. Therefore, this Complaint is timely.

## COMMON ALLEGATIONS

11. The above-captioned proceeding was commenced by the Defendant's filing of a voluntary petition (the "**Petition**") on June 22, 2023 (the "**Petition Date**"). ECF No. 1. The Petition was signed by the Defendant under penalty of perjury.

12. The Defendant filed her schedules (the "**Schedules**") and statement of financial affairs (the "**SOFA**") on the Petition Date. *Id.* Both of these documents were also signed by the Defendant under penalty of perjury.

13. A 341 meeting of creditors was held on August 24, 2023 (the "**Meeting of Creditors**"). The Defendant appeared and testified under oath at the Meeting of Creditors.

### The First PPP Loan.

14. In response to the worldwide COVID-19 pandemic, in 2020 the United States Congress created the PPP as part of the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. 113-136 (March 27, 2020), to help certain businesses, self-employed workers, sole proprietors, nonprofit organizations, and tribal businesses to continue to pay their workers.

15. Implemented by the U.S. Small Business Administration, the PPP allowed entities to apply for low-interest private loans to pay for their payroll and certain other costs, approximately equal to 2.5 times the applicant's average monthly costs. In some cases, the applicant could receive a second draw typically equal to the first. The loan proceeds could be used to cover payroll costs, rent, interest, and utilities, and could be partially or fully forgiven if the business keeps its employee counts and employee wages stable.

3

16. Publicly available records show that on April 4, 2021, the Defendant was approved for and received a $20,833 PPP loan from Harvest Small Business Finance, LLC (the "**First PPP Loan**").

17. To secure the First PPP Loan, publicly available records reflect that the Defendant claimed to have a business related to "Women's, Children's, and Infants' Clothing and Accessories Merchant Wholesalers," that the First PPP Loan would help retain one job, and that the business existed for more than two years at the time of the First PPP Loan.

18. Publicly available records reflect that the First PPP Loan was made to the Defendant at the address in the Petition.

19. Below is a screenshot of the applicable information available online regarding the First PPP Loan:

| Business Detail | |
|---|---|
| Name | RUTH EDWARDS |
| Address | 7622 S Seeley Ave |
| City | Chicago |
| State | Illinois |
| ZIP Code | 60620-5745 |
| Rural/Urban | Urban |
| Hubzone | Yes |
| Labor Market Information (LMI) | Yes |
| Business Age Description | Existing or more than 2 years old |
| Jobs Reported | 1 |
| NAICS | 424330: Women's, Children's, and Infants' Clothing and Accessories Merchant Wholesalers |
| Business Type | Sole Proprietorship |
| Race/Ethnicity | Unanswered |
| Gender | Female Owned |
| Veteran | Unanswered |

| Loan Detail | |
|---|---|
| Loan Number | 6456348701 |
| Date Approved | April 4, 2021 |
| Loan Status | Paid in Full |
| Loan Status Date | Oct. 21, 2021 |
| Term | 60 Months |
| Lender | Harvest Small Business Finance, LLC |
| Initial Approval Amount | 20,833.00 |
| Current Approval Amount | 20,833.00 |
| Payroll Proceed | 20,833.00 |
| Loan Forgiveness Date | Sept. 27, 2021 |
| Forgiveness Amount | 20,928.89 |

4

20.     Publicly available records show the First PPP Loan was forgiven on September 27, 2021, which presumably means the Defendant provided the financial institution with documents evidencing legitimate business expenses that led to the First PPP Loan being forgiven.

21.     As further explained below, the Defendant has not disclosed receipt of the First PPP Loan and falsely testified about her income sources, and therefore concealed documents about the funds from the First PPP Loan and failed to satisfactorily explain the dissipation of those funds.

**The Second PPP Loan.**

22.     Publicly available records show that on April 19, 2021, the Defendant was approved for and received a $20,833 PPP loan from Harvest Small Business Finance, LLC Bank (the "**Second PPP Loan**" and together with the First PPP Loan, the "**PPP Loans**").

23.     To secure the Second PPP Loan, publicly available records reflect that the Defendant claimed to have a business related to "Women's, Children's, and Infants' Clothing and Accessories Merchant Wholesalers," that the Second PPP Loan would help retain one job, and that the business existed for more than two years at the time of the Second PPP Loan.

24.     Publicly available records reflect that the Second PPP Loan was made to the Defendant at the address in the Petition.

25.     Below is a screenshot of the applicable information available online regarding the Second PPP Loan:

| Business Detail | |
|---|---|
| Name | RUTH EDWARDS |
| Address | 7622 S Seeley Ave |
| City | Chicago |
| State | Illinois |
| ZIP Code | 60620-5745 |
| Rural/Urban | Urban |
| Hubzone | Yes |
| Labor Market Information (LMI) | Yes |
| Business Age Description | Existing or more than 2 years old |
| Jobs Reported | 1 |
| NAICS | 424330: Women's, Children's, and Infants' Clothing and Accessories Merchant Wholesalers |
| Business Type | Sole Proprietorship |
| Race/Ethnicity | Unanswered |
| Gender | Female Owned |
| Veteran | Unanswered |

| Loan Detail | |
|---|---|
| Loan Number | 6172338805 |
| Date Approved | April 19, 2021 |
| Loan Status | Paid in Full |
| Loan Status Date | Oct. 21, 2021 |
| Term | 60 Months |
| Lender | Harvest Small Business Finance, LLC |
| Initial Approval Amount | 20,833.00 |
| Current Approval Amount | 20,833.00 |
| Payroll Proceed | 20,833.00 |
| Loan Forgiveness Date | Sept. 8, 2021 |
| Forgiveness Amount | 20,909.48 |

26.    Publicly available records show the Second PPP Loan was forgiven on September 8, 2021, which presumably means the Defendant provided the financial institution with documents evidencing legitimate business expenses that led to the Second PPP Loan being forgiven.

27.    As further explained below, the Defendant has not disclosed receipt of the Second PPP Loan and falsely testified about her income sources, and therefore concealed documents about the funds from the Second PPP Loan and failed to satisfactorily explain the dissipation of those funds.

**The Defendant's Bankruptcy Filings Omit the PPP Loans and Any Related Business.**

28.    The Defendant's Petition, Schedules, and SOFA, all signed under oath, omit any of the relevant information related to the PPP Loans.

29. In response to Question No. 12 on the Petition, the Defendant indicated that she was not a sole proprietor of any full- or part-time businesses. ECF No. 1 at p. 4.

30. Based upon information and belief, the Defendant has an interest in a business named Always Loving in Caring Everyone ("**Business One**").

31. The Defendant did not disclose any interest in Business One in the Petition, Schedules, and SOFA.

32. Based upon information and belief, the Defendant has an interest in a business named Rising Stars Girls Mentoring Program ("**Business Two**").

33. On Schedule A/B, the Defendant did not list any assets that relate to any business. *Id.* at pp. 12-20.

34. The Defendant did not disclose any interest in Business Two on the Petition, Schedules, and SOFA.

35. On the Petition, the Defendant did not disclose any interest in any business.

36. The Defendant did not list any income received in 2022. ECF No. 1 at p. 46.

37. The Defendant did not list any income received in 2021. *Id.*

38. In response to Question No. 20 on the SOFA, the Defendant stated that no financial accounts or instruments were closed in the one-year period before the Petition Date. ECF No. 1 at p. 53.

39. On the SOFA, specifically Question No. 18, the Defendant did not disclose that she sold, traded, or transferred any property to anyone within two years prior to the Petition Date. *Id.* at 52.

40. In response to Schedule A/B, line 19, the Defendant indicated that she had no interests in "non-publicly traded stock and interests in incorporated and unincorporated businesses." *Id.* at p. 15.

41. The Defendant did not disclose the income she received from either of the PPP Loans on the SOFA.

42. In response to Question No. 27 on the SOFA, which asked whether the Defendant owned any corporate entities or sole proprietorships in the four years prior to her bankruptcy filing, the Defendant indicated, "No." *Id.* at 55.

43. On Schedule A/B, the Defendant did not list any interest in any deposits of money. *Id.* at p. 15.

44. On Schedule A/B, the Defendant did not list any interest in insurance policies. *Id.* at p. 18.

45. Based upon the Defendant's testimony at the Meeting of Creditors, the Defendant has an interest in a life insurance policy.

46. On Schedule A/B, the Defendant did not list an interest in any real property.

47. At the Meeting of Creditors, the Defendant confirmed that she has an interest in real property located at 7622 S. Seeley Ave., Chicago, Illinois.

48. On July 25, 2023, the Debtor filed a Reaffirmation Agreement seeking to reaffirm the debt related to a 2012 Lincoln MKX (the "**Lincoln**"). ECF No. 17.

49. The Debtor did not list an interest in the Lincoln on Schedule A/B. ECF No. 1 at p. 12.

**The Defendant Testified Falsely at the Meeting of Creditors.**

50. At the Meeting of Creditors, the Defendant testified that all of the information contained in her bankruptcy paperwork was true, correct, and complete and no changes, corrections, or revisions were needed. The Debtor also testified that she listed everything that she owned. These were false in light of the information discussed herein.

51. At the Meeting of Creditors, the Defendant stated that she did not own or operate a business within the last four years.

52. Without disclosing the proceeds from the PPP Loans or explaining the dissipation of their proceeds, the Defendant cannot effectively explain, or support with documentation, her relevant transactions, or overall financial circumstances.

53. Without disclosing the PPP Loans and all income received or explaining the dissipation of its proceeds, the Defendant cannot offer a satisfactory explanation for the dissipation of the funds which otherwise could be used to repay creditors.

**COUNT I**
**DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)**

54. The U.S. Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

55. In accordance with 11 U.S.C. § 727(a)(3), the Court shall grant a debtor a discharge unless - -

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

9

56. As set forth above, the Defendant has failed to provide, and thus either concealed, destroyed, falsified, or failed to keep information, including books, documents, records, and papers from which her financial condition or business transactions might be ascertained.

57. The Defendant's actions or failure to act as described herein do not appear justified under all of the circumstances of this case.

WHEREFORE, Plaintiff Patrick S. Layng, the U.S. Trustee, respectfully requests that this Court deny the Defendant's discharge under 11 U.S.C. § 727(a)(3).

## COUNT II
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)

58. The U.S. Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

59. In accordance with 11 U.S.C. § 727(a)(4), the Court shall grant a debtor a discharge unless - -

> the debtor knowingly and fraudulently, in or in connection with the case - -
>
> (A)   made a false oath or account;
>
> (B)   presented or used a false claim;
>
> (C)   gave, offered, received, or attempted to obtain money, property, or advantage or a promise of money, property or advantage, for acting or forbearing to act; or
>
> (D)   withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records and papers relating to the debtor's property or financial affairs.

60. As set forth above, it appears that the Defendant knowingly and fraudulently made numerous false oaths in her written and oral statements under oath in this bankruptcy case, and therefore has made false oaths or accounts in violation of 11 U.S.C. § 727(a)(4)(A).

WHEREFORE, Plaintiff Patrick S. Layng, the U.S. Trustee, respectfully requests that this Court deny the Defendant's discharge under 11 U.S.C. § 727(a)(4).

## COUNT III
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(5)

61. The U.S. Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

62. In accordance with 11 U.S.C. § 727(a)(5), the Court shall grant a debtor a discharge unless - -

> the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]

63. As set forth above, the Defendant has failed to explain satisfactorily the loss or deficiency of assets to meet her liabilities as described above, including but not limited to the funds from the PPP Loans.

WHEREFORE, Plaintiff Patrick S. Layng, the U.S. Trustee, respectfully asks the Court to deny the Defendant's discharge pursuant to 11 U.S.C. §727(a)(5) and for such other relief as is just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: September 1, 2023         By: */s/ Kimberly Bacher*
Kimberly Bacher, Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(603) 333-2782

11